

# Bernard Grossberg
Attorney at Law

99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8558
Fax 737-8223

November 22, 2004

**HAND DELIVERED**

The Honorable Joyce London Alexander
United States Magistrate Judge
United States District Court
 for the District of Massachusetts
John Joseph Moakley, U.S. Courthouse Bldg.
One Courthouse Way
Boston, MA  02210

    Re:    <u>UNITED STATES V. GERARDO VASQUEZ</u>
             No. 04-5014-G

Dear Judge Alexander:

    As Your Honor may recall, I represent the defendant in the above-entitled matter. Upon my return to my office after the conclusion of the probable cause/detention hearing this morning, I discovered the enclosed letter dated November 19, 2004 from Norfolk County Second Assistant District Attorney Michael Gaffney to Assistant United States Attorney Anita Johnson. The letter generally describes the events in the Stoughton District Court which I alluded to this morning, but more importantly, it corroborates the fact that all parties, and in particular, defendant Vasquez who returned to the Commonwealth on two separate occasions, were aware of the fact that in all likelihood, the case would be prosecuted by federal authorities either in this district or the Western District of Texas. I trust that this letter is of assistance to the Court. Thank you.

                                        Sincerely,

                                        Bernard Grossberg

BG/cak

cc:    Susan Poswistilo, Esq.
        Gerardo Vasquez



The Commonwealth of Massachusetts

OFFICE OF THE DISTRICT ATTORNEY
FOR THE NORFOLK DISTRICT

**WILLIAM R. KEATING**
DISTRICT ATTORNEY

45 SHAWMUT ROAD
CANTON, MA 02021
(781) 830-4800
FAX (781) 830-4801

November 19, 2004

Anita Johnson
Assistant United States Attorney
1 Courthouse Way
Suite 9200
Boston, MA  02110

      Re: <u>Commonwealth of Massachusetts v. Michael F. Cugno, Laurentino Laureano, Stephen Schuko, Jose A. Tapia and Geraldo A. Vasquez</u>
           Stoughton District Court Nos. 0455CR001449 –0455CR001453

Dear Ms. Johnson:

      Please be advised that your letter of November 17, 2004 to Assistant District Attorney Mary Dacey White relative to the above-entitled cases raises some grave concerns about effective cooperation among state and federal agencies. I can only surmise that you were misled by those giving you the history and status of the cases. Let me provide the details.

      Prior to the arrest of these five defendants, the investigating officers were told that any persons arrested should be taken to federal court – NOT to the local state court if these arrests were the result of a federal investigation. Your federal officers chose to ignore this suggestion when the arrests were made on or about August 10, 2004. I was informed that the federal government would definitely be indicting these cases – either in the District of Massachusetts or the District covering El Paso, Texas, and that the decision would be communicated to me in no more than a week to ten days.

      I was only informed within the past week that the District of Massachusetts would decline the prosecution but that federal authorities in El Paso were interested. By this time, the Commonwealth had arranged for a judge to be specially assigned to preside over the probable cause hearing in Stoughton District Court and the five defense attorneys had been alerted that the Commonwealth intended to proceed on probable cause. The Assistant District

Anita Johnson
November 19, 2004
Page 2


Attorney assigned to the case invested a considerable period of time in her preparation for the hearing. After all this time and effort, your letter denying the Commonwealth the right to its own witnesses arrived via facsimile in the Stoughton District Attorney's Office after 9:00 P.M. on the evening preceding the scheduled hearing.

To ultimately learn on the day of the hearing that federal agents were refusing to appear to testify **in their own case which they themselves chose to bring in state court** is outrageous and well outside the scope of the ruling in *United States ex rel. Touhy v. Regan*, 340 U. S. 462 (1951). The judge was displeased to say the least. Further, for federal authorities to attempt to dissuade State Police officers from testifying in this case defies belief and borders on the unethical. Instances like this discourage the cooperation so essential among law enforcement agencies.

In conclusion, please be advised that from this date forward, any federal investigation which results in defendants being arrested and brought to state courts in Norfolk County will be reviewed and likely face prompt dismissals with federal lack of cooperation cited as the reason therefore.


Sincerely,

Michael F. Gaffney
Second Assistant District Attorney


cc: Michael J. Sullivan, Esq.
    United States Attorney

    Mary Dacey White, Esq.

    Richard M. Egbert, Esq.

    Martin K. Leppo, Esq.

Bernard M. Grossberg, Esq.

James J. Gavigan, Esq.

Robert L. Sheketoff, Esq.